IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MACKY R. DUCE, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CA C-09-265 |
| | § | |
| BRAD LIVINGSTON, ET AL., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION
## FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to TDCJ-CID's W-6 Work Camp in Beeville, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials camp were deliberately indifferent to his health and safety when they required him to ride in a defective trailer which overturned and caused him injuries (D.E. 1). Pending is plaintiff's motion for appointment of counsel (D.E. 4).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, he was forced to ride in a rusty and defective trailer which overturned and cause injuries to him. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Id. Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent, and he understands his claims. At this stage of this litigation, plaintiff can adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. Examination of this factor is premature because the case has not yet been set for trial. In fact, the case has not been screened pursuant to 28 U.S.C. § 1915A.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorney's fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 4) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 7th day of October, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE